**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| IOT INNOVATIONS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MONITRONICS INTERNATIONAL, INC.,<br>d/b/a BRINKS HOME,<br><br>        Defendant. | CIVIL ACTION NO. 2:22-cv-00432-JRG-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>██████████████ |

## PLAINTIFF IOT INNOVATIONS LLC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff IoT Innovations LLC ("IoT" or "Plaintiff") hereby files its Opposition to the "Motion To Dismiss For Improper Venue" filed by Defendant Monitronics International, Inc. d/b/a Brinks Home Security ("Defendant" or "Brinks Home") on January 24, 2023.  (Dkt. No. 8) (the "Motion").

███████████████

# TABLE OF CONTENTS

I.    INTRODUCTION......................................................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ................................................................ 2

███████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

III.  LEGAL STANDARD ................................................................................................ 11

IV.   ARGUMENT............................................................................................................. 12

    A.   Brinks Home Infringes The Asserted Patents In This District............................. 12

    B.   Brinks Home Has A Regular And Established Place Of Business In This District Through Its Alarm Service Technicians. ...................................................... 13

████████████████████████████████

████████████████████████████████

    C.   Brinks Home Also Has A Regular And Established Place Of Business In This District Through Its Authorized Service Dealers, Who Act As Its Agents. ................................. 19

    D.   Brinks Home Has A Regular And Established Place Of Business In This District Through Its Authorized Representatives. ...................................................... 22

V.    CONCLUSION ......................................................................................................... 23

## Cases

*AGIS Software v. T-Mobile USA Inc*., No. 2:21-cv-72-JRG-RSP, 2021 U.S. Dist. LEXIS 251146 (E.D. Tex. Nov. 10, 2021) ................................................................................................ 18

*Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283 (Fed. Cir. 2021) ....................... 12

*AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-CV-00133-ALM, 2020 U.S. Dist. LEXIS 42712 (E.D. Tex. Mar. 12, 2020) ......................................................................................................... 20

*Bel Power Sols. Inc. v. Monolithic Power Sys*., No. 6:21-CV-655-ADA, 2022 U.S. Dist. LEXIS 86707 (W.D. Tex. May 4, 2022) ............................................................................................... 16

*Celgene Corp. v. Mylan Pharms. Inc*., 17 F.4th 1111 (Fed. Cir. 2021) ........................................ 18

*Fractus v. ZTE Corp*., No. 2:17-CV-00561-JRG, 2018 U.S. Dist. LEXIS 244831 (E.D. Tex. Sep. 28, 2018) ................................................................................................................................... 22

*In re Google LLC*, 949 F. 3d 1338 (Fed. Cir. 2020) ........................................................ 12, 20, 21

*In re Volkswagen Grp. Am., Inc*., 28 F.4th 1203 (Fed. Cir. Mar. 9, 2022) ............................. 12, 21

*In re: Cordis Corp*., 769 F.2d 733 (Fed. Cir. 1985) ....................................................... 13, 14, 15

*In re: Cray Inc.,* 871 F.3d 1355 (Fed. Cir. 2017) ................................................................. passim

*In re: ZTE (USA) Inc.,* 890 F.3d 1008 (Fed. Cir. 2018) ......................................................... 11, 18

*Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581 (E.D. Tex. Nov. 22, 2017) .......................................................................................... 13

*Precis Grp., LLC v. TracFone Wireless, Inc*., No. 6-20-CV-00303-ADA, 2021 U.S. Dist. LEXIS 45644 (W.D. Tex. Mar. 11, 2021) .......................................................................................... 13

*RegenLab USA LLC v. Estar Technologies Ltd*., 335 F. Supp. 3d 526 (S.D.N.Y. 2018) 14, 15, 16, 17

*Rensselaer Polytechnic Inst. v. Amazon.com, Inc*., No. 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 136436 (N.D.N.Y. Aug. 7, 2019) ................................................................. 13, 15

*Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933 (E.D. Tex. 2018) ........... 12, 13, 15, 19

*Tinnus Enterprises, LLC v. Telebrands Corp*., No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 78342 (E.D. Tex. May 2, 2018) ............................................................................................. 13

*Uniloc USA, Inc. v. Nutanix, Inc*., No. 2:17-cv-174-JRG, 2017 U.S. Dist. LEXIS 229347, 2017 WL 11527109  (E.D. Tex. Dec. 6, 2017) ................................................................................ 18

## Statutes

28 U.S.C. § 1400(b) .................................................................................................................. 10

██████████████

## I. INTRODUCTION

Brinks Home unequivocally has a "regular and established place of business" in this District from which it performs, and directs and controls others to perform, infringing acts. ***First***, venue in this District is proper because ███████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████. ***Second***, venue in this District is proper because Brinks Home exercises the requisite control over ████████████████ ██████████████████████ ███████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████.

Brinks Home's Motion ignores these realities in hopes of dismissing the Complaint, but such a result would ignore the legal standards for venue and the facts of this case. The well pled venue allegations in the Complaint have been substantiated by venue discovery. Plaintiff IoT Innovations respectfully asks the Court to deny the Motion.

## II. STATEMENT OF RELEVANT FACTS



18.    SmartTech is located at 1217 S. Broadway St., Ste. A2, Sulphur Springs, Texas.

█████████████████████ Below is an image of its building:





Ex. 13 (SmartTech Google Listing).

19.     SmartTech displays the Brinks Home logo on its vehicles and place of business:





Ex. 13 (SmartTech Google Listing).

21.    In addition, SmartTech advertises that it is an "Authorized Dealer" on its website:



Ex. 14 (SmartTech Website).

22.    Preventive Security Systems maintains or has maintained a place of business at

5100 Eldorado Pkwy., Suite #102/723, McKinney, Texas 75070.

███████████████████

24.    Customers can go online to Brinks Home's website to verify that an individual or business is an Authorized Service Dealer:



is authorized to sell or service for Brinks Home.

Ex. 15 (Brinks Home Website).





34.    Customers can go online to Brinks Home's website to verify an individual is an

Authorized Representative:





Ex. 17 (Brinks Home Website); ███████████████





## III.  LEGAL STANDARD

Venue in a patent infringement case is governed by 28 U.S.C. §1400(b).  *See In re: Cray Inc.,* 871 F.3d 1355, 1360-1361 (Fed. Cir. 2017).  "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law."  *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1012 (Fed. Cir. 2018) (citing *Cray,* 871 F.3d at 1360).  When challenged, the burden of establishing that venue is proper under 28 U.S.C. §1400(b) belongs to the Plaintiff.  *See id.*; 890 F.3d at 1013.

Under 28 U.S.C. §1400(b), a patent case can be brought in a judicial district where the defendant "has committed acts of infringement and has a regular and established place of business."  28 U.S.C. §1400(b).  Three elements must be met in order to establish that a defendant has a regular and established place of business in the District: (1) there must be a physical place in the District; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  *Cray,* 871 F.3d at 1360.

A "physical place" is a "physical, geographical location in the district from which the business of the defendant is carried out."  *Id*. at 1362-1363.  "[A] 'regular and established place of business' requires the regular, physical presence *of an employee or other agent of the defendant* conducting the defendant's business at the alleged 'place of business.'"  *In re Google LLC*, 949 F.

████████████

3d 1338, 1345 (Fed. Cir. 2020) (*emphasis* added) (hereinafter "*Google II*"); *In re Volkswagen Grp. Am., Inc*., 28 F.4th 1203, 1208 (Fed. Cir. Mar. 9, 2022) (hereinafter, "*Volkswagen II*").  When determining these requirements, the Federal Circuit has emphasized that "each case depends on its own facts," and "no one fact is controlling." *Cray*, 871 F.3d at 1362, 1366.

To establish an agency relationship, the principal must have "interim control" over the agent's work. *Volkswagen II*, 28 F.4th at 1209 (citing *Google II*, 949 F.3d at 1345–46) ("The power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents.").  The Federal Circuit recognizes agency relationships that are narrow in scope. *Id*. (citing *Google II*, 949 F.3d at 1346). Thus, to constitute "a principal's agent for a particular purpose" the movant must rely on interactions within the scope of the agency relationship. *Id*. ████████████

████████████

████ is considered "an essential element of an agency relationship." *Andra Grp., LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) (citing *Google II*, 949 F.3d at 1345).

## IV. ARGUMENT

### A. Brinks Home Infringes The Asserted Patents In This District.

The Complaint sufficiently pleads facts to satisfy the requirements of 28 U.S.C. §1400(b). The Complaint alleges Brinks Home "commits acts of infringement from this District, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities." Dkt. No. 1, at ¶17; *id*. at ¶¶ 10, 12, 16.  The Motion does not, and cannot, dispute that Brinks Home "has committed acts of infringement."  *See Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 942 (E.D. Tex. 2018) ("Where a complaint alleges infringement, the allegations 'satisfy the "acts of infringement" requirement of § 1400(b)'"

██████████████████

regardless of the allegations being contested); *Precis Grp., LLC v. TracFone Wireless, Inc.*, No. 6-20-CV-00303-ADA, 2021 U.S. Dist. LEXIS 45644, at *10 (W.D. Tex. Mar. 11, 2021); *In re: Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) ("The issue of infringement is not reached on the merits in considering venue requirements."). Therefore, IoT Innovations has satisfied this venue prong.

### B. Brinks Home Has A Regular And Established Place Of Business In This District Through Its Alarm Service Technicians.

██████████████████████████████████████████

Brinks Home Alarm Services Technicians' ██████████████████████████ constitute "physical locations" within this District. *Cray*, 871 F.3d at 1362. The place "need not be a fixed physical presence in the sense of a formal office or store…." *Id.*; *Google II*, 949 F.3d at 1343 (rejecting defendant's argument that "whether the defendant has a physical 'place of business' should focus on whether the defendant has real property ownership or a leasehold interest in real property.").[3]

The Federal Circuit has recognized that the drastic changes in the way business is carried out in modern commerce require a fact-intensive inquiry to determine whether a particular place of business may be considered the place of the defendant:

> We recognize that the world has changed since 1985 when the *Cordis* decision issued. In this new era, not all corporations operate under a brick-and-mortar model. Business can be conducted virtually. Employees increasingly telecommute. Products may not as a rule be ware-housed by retailers, and the just-in-time delivery paradigm has eliminated the need for storing some inventory.

---

[3] *See also Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, No. 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 136436, at *20 (N.D.N.Y. Aug. 7, 2019) (venue found from Amazon lockers); *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 78342, at *3-12 (E.D. Tex. May 2, 2018) (shelf space); *Seven Networks*, 315 F. Supp. 3d at 960 (data servers).

*Cray*, 871 F.3d at 1359.  At the same time, the Federal Circuit noted that venue was proper where, as in *Cordis*, "a defendant used its employees' homes to store its 'literature, documents and products' and, in some instances, like distribution centers, stor[ed] inventory that the employees then directly took to its clients." *Id*. at 1362 (quoting *Cordis*, 769 F.2d at 735).  The defendant company's business in *Cordis* "specifically depended on employees being physically present at places in the district, and . . . [the company] affirmatively acted to make permanent operations within that district to service its customers there." *Id*. at 1365.

In *RegenLab USA LLC v. Estar Technologies Ltd*., the Court found the presence of two remote employees sufficient to confer venue.  335 F. Supp. 3d 526, 549 (S.D.N.Y. 2018).  In *RegenLab*, all of the defendant's employees worked from home, such that "home offices constitute[d] a primary physical location for [defendant's] business." *Id*. at 549 (citing *Cray*, 871 F.3d at 1363 n.1) (noting that where "a defendant has a business model whereby many employees' homes are used by the business as a place of business of the defendant" is pertinent to determining the propriety of venue).  In addition, the defendant's employees stored inventory at home, which they used to conduct demonstrations in the district. *Id*. at 552.

Here, Brinks Home effectively has ██████████████████████████████████
████████ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

---

[4] All references herein to "SOF" refer to Plaintiff's Statement of Relevant Facts.  *See* §II, *supra*.

███████

████████████████████████████████████████████

████████████████████████████ *see also RegenLab*, at 335 F. Supp. 3d at 549; *see also Cray*, 871 F.3d at 1362 (relevant considerations include "the storing of materials at a place in the district so that they can be distributed or sold from that place"); *Rensselaer*, 2019 U.S. Dist. LEXIS 136436, at *20 ("In some instances, 'employees' homes'…where inventory is stored may constitute places of business."). Thus, Brinks Home has physical places of business in this District at least █████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

It is undisputed that Brinks Home directly employs approximately ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ Courts have routinely found a "regular established place of business" where a party "used its employees' homes to store its 'literature, documents and products' and, in some instances, like distribution centers, storing inventory that the employees then directly took to its clients." *See, e.g.*, *Cray*, 871 F.3d at 1362 (quoting *Cordis*, 769 F.2d at 735); *RegenLab*, 335 F. Supp. at 552 (holding venue as proper and finding home offices as "place of the defendant" when its employees had products and small centrifuges in their homes); *Seven Networks*, 315 F. Supp. 3d at 960 ("[T]here can be little doubt that the storage warehouses are places of business,

---

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

████████████████

*even if the public never interacts with the warehouse*.") (***emphasis*** in original).

At the time the Complaint was filed, ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ *RegenLab*, 335 F. Supp. at 552 (holding that the fact an employer "does not require employees to reside" but "preferred" that those employees live in their assigned area weighed in favor of finding a home office to be "of the defendant"); *Bel Power Sols. Inc. v. Monolithic Power Sys*., No. 6:21-CV-655-ADA, 2022 U.S. Dist. LEXIS 86707, at *5-9 (W.D. Tex. May 4, 2022) (finding employee who stored and possessed inventory at their home sufficient to establish venue, even were defendant did not require them to reside in the district). ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

These Alarm Service Technicians conduct substantial business ████████████ in a "steady, uniform, orderly and methodical manner" that "is not transient." *Cray*, 871 F.3d at 1362–63. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



*Cray*, 871 F.3d at 1362.

*Cray*, 871 F.3d at 1365 (discussing *Cordis*, stating that "Cordis's business specifically depended on employees being physically present at places in the district, and… affirmatively acted to make permanent operations within that district to service its customers there.").

Relevant to this "place of the defendant" inquiry is whether Brinks Home "played a part in selecting the place's location, ***stored inventory or conducted demonstrations there***," or "believed a location within the [District] to be important to the business performed." *Cray*, 871 F.3d at 1365. That is the case here.

*RegenLab*, 335 F. Supp. 3d at 552 ("The employees did not merely possess those products—their use in New York was part of each employee's job description.").

Lastly, Brinks Home seeks to emphasize other "relevant factors" regarding whether a location can be considered a "place of the defendant," (citing *Cray*, 871

██████████████

F.3d at 1365).  However, those factors are "non-exhaustive."  *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1122 (Fed. Cir. 2021).  And the Federal Circuit has "stress[ed] that no one fact is controlling" in determining whether the homes of employees constitute a "place of business" of the defendant.  *Cray*, 871 F.3d at 1366.  Thus, contrary to Brinks Home's suggestion (*see* Motion, at 5-9), the list of factors articulated in *Cray* is not the exclusive means ███████████████ ████ can be found to be a "place of a defendant."  *See In re: ZTE*, 890 F.3d at 1015 ("To be complete, the district court must give reasoned consideration to all relevant factors or attributes of the relationship in determining whether those attributes warrant [a place] being deemed a regular and established place of business of [the defendant].").

The evidence here also differs significantly from that in *Nutanix*—to which Brinks Home attempts to analogize.  *See* Motion, at 6 (citing *Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-cv-174-JRG, 2017 U.S. Dist. LEXIS 229347, 2017 WL 11527109, at *4 (E.D. Tex. Dec. 6, 2017)).  ███████ ████████████████████████████████████ ███████████████████████ which weighed against these residences qualifying as "places of the defendant."  2017 U.S. Dist. LEXIS 229347, at *2-3, 5, 8-10.  The same distinction applies to Brinks Home citation to *AGIS*.  Motion, at 7 (citing *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 U.S. Dist. LEXIS 251146 (E.D. Tex. Nov. 10, 2021)).  In *AGIS*, ████████████████████████████████████████ ████████████████ 2021 U.S. Dist. LEXIS 251146, at *16-17.  In addition, the plaintiff identified third-party repair facilities as defendant's place of business, when in fact such locations were either closed, or the defendant was a customer of that location, not the principal, at the time the complaint filed.  2021 U.S. Dist. LEXIS 251146, at *10-16.  ██████████████████ ██████████████████████████████████████

██████████████████████

manner that is sufficient to serve as a "regular and established place of business" for the purposes of determining venue.  Accordingly, Brinks Home's Motion should be denied.

**C.  Brinks Home Also Has A Regular And Established Place Of Business In This District Through Its Authorized Service Dealers, Who Act As Its Agents.**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████    ████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

The second *Cray* factor is satisfied because ██████████████████████

████████████████████████████████████████████

██  The Federal Circuit has explained that a "regular" place of business is "operate[d] in a "steady, uniform, orderly, and methodical" manner[.]"  *Cray*, 871 F. 3d at 1362.  In other words, a business is "regular" if it is not "sporadic"—"a series of [business] acts" is not sporadic.  *Id*.  A business is "established" where it is "settled certainly, or fixed permanently."  *Id*. at 1363.  For example, "a five-year continuous presence in the district demonstrates that the business was established for purposes of venue[.]"  *Id*.

As part of the Authorized Service Dealer program, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Where even "a month-to-month agreement which has endured for years is clearly 'regular and established[,]"  *Seven Networks*, 315 F. Supp. 3d at 957, ████████████████████████

██████████████████████████

███████████████████

Additionally, it is clear that these Authorized Service Dealers "conduct[] [Brinks Home's] business at the alleged 'place of business.'" *See Google II*, 949 F.3d at 1345. In determining what constitutes "conducting business," the Federal Circuit in *Google II* distinguished "activities, such as maintenance, that are merely connected to, but do not themselves constitute the defendant's conduct of business[,]" from activities such as "production, storage, transport, and exchange of goods and services." *Id.* at 1347. Here, in contrast to the activities at issue in *Google II*, ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

With respect to the third *Cray* factor, "the defendant must establish or ratify the place of business." *Cray,* 871 F. 3d at 1363. Importantly, however, *Cray* does not require that "the defendant owns or leases the place," but that it "exercises [certain] attributes of possession or control over the place." *Id.* In *AptusTech LLC,* the Court summarized different factors for evaluating third element as follows:

> (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place;" (2) "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself;" (3) "whether the signage represents the space as belonging to the defendant;" (4) "the nature of the defendant's relationship with employees at the place and whether the defendant has any control over the employees at the place;" (5) "whether the place was specified by the defendant or if it could be moved by the third-party without defendant's permission;" and (6) "courts may consider all relevant factors or attributes of the nature of the relationship between the defendant and the location."

*AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-CV-00133-ALM, 2020 U.S. Dist. LEXIS 42712, at *6-7 (E.D. Tex. Mar. 12, 2020).

The type of conduct matters when making a determination about control. Here, Brinks

Home exercises extensive control over the Authorized Service Dealers, making this case readily

distinguishable from *Google II* (and *Volkswagen II*).[6]



In  addition,

. *See also Andra*, 6 F.4th at 1289

(taking actions which benefit a separate company does not create an agency relationship unless the

---

[6] *See Google II*, 949 F.3d at 1346 (excluding "agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business…"); *Volkswagen II,* 28 F.4th at 1211-13 (noting that plaintiff failed to cite any evidence that Volkswagen or Hyundai provided dealerships with "step-by-step" instructions when selling a car to a consumer or control over how the dealerships perform warranty service).

████████████████████████████

alleged principal "controls this process").

In its Motion, Brinks Home argues that ███████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████ Motion, at 10.  In support, Brinks Home

cites *Fractus v. ZTE Corp.*, where this Court found a third-party call center did not support venue.

*See* Motion, at 10 (citing *Fractus v. ZTE Corp.*, No. 2:17-CV-00561-JRG, 2018 U.S. Dist. LEXIS

244831, at *7 (E.D. Tex. Sep. 28, 2018)).   As demonstrated above, this case is clearly

distinguishable from *Fractus* for a number of reasons. █████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████ Thus, these locations in

this District are Brinks Home's places of business.

**D.  Brinks Home Has A Regular And Established Place Of Business In This District Through Its Authorized Representatives.**

Brinks Home's Authorized Representatives ███████ in this District also establish venue is

appropriate. ███████████████████████████████████████

███████  *See Cray*, 871 F.3d at 1362; SOF ¶¶25-35.  These Authorized Representatives also

conduct business for Brinks Home in this District in a "steady, uniform, orderly and methodical

manner" that "is not transient." *Id.* at 1362–63; SOF ¶¶25-35.  For example, Brinks Home has the

right to, ██████████████████████████████████████████

Brinks Home also exercises attributes of possession or control by providing these

Authorized Representatives

## V. CONCLUSION

For at least the reasons stated above, Brinks Home's Motion should be denied.

Dated: <u>August 25, 2023</u>

Respectfully submitted,

By:<u>/s/ C. Matthew Rozier</u>

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: Hardt@ RHMtrial.com

C. Matthew Rozier *
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, DC 20005
Telephone: (202) 316-1591
Email: Matt@RHMtrial.com

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA 507179) *
Travis E. Lynch (GA 162373) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Suite 254
Atlanta, Georgia 30312
Telephone: (470) 480-9505; -9517; -9514
Email: Jim@ RHMtrial.com
Email: Miller@ RHMtrial.com
Email: Lynch@ RHMtrial.com

*Attorneys for Plaintiff*
*IoT INNOVATIONS LLC*

* admitted to the Eastern District of Texas

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 25, 2023 to all counsel of record who are deemed to have consented to electronic service *via* the Court's CM/ECF system.

*/s/ C. Matthew Rozier*
C. Matthew Rozier

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that, pursuant to Local Rule CV-5(a)(7)(A), authorization for filing the foregoing pleading under seal has been conveyed through the Protective Order (Dkt. No. 29) in place in this matter.

*/s/ C. Matthew Rozier*
C. Matthew Rozier